**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000516**
**19-DEC-2014**
**07:59 AM**

NO. CAAP-14-0000516

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RYAN PEARSON, Petitioner-Appellant, v.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
STATE OF HAWAII, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-14-0002)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Ryan Pearson (**Pearson**) appeals
from the Judgment on Appeal filed on February 11, 2014, in the
Honolulu Division of the District Court of the First Circuit
(**District Court**) and challenges the District Court's Decision and
Order Affirming Administrative Revocation filed on February 7,
2014.[1]

Pearson raises a single point of error, contending that
the District Court erred in refusing to vacate the Administrative
Driver's License Revocation Office's (**ADLRO's**) decision to

_____

[1] The Honorable Lono J. Lee presided.

sustain the revocation of Pearson's driver's license on the grounds that he was denied his right to an expeditious hearing.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pearson's point of error as follows:

Hawaii Revised Statutes (**HRS**) § 291E-38(a) (Supp. 2013) provides: (1) a schedule for the commencement of an ADLRO hearing, in this case, within twenty-five days from the date the notice of administrative revocation was issued; and (2) that "the director may continue the hearing only as provided in subsection (j)." HRS § 291E-38(j) (Supp. 2013) provides (emphasis added):

> (j) For good cause shown, the director may grant a continuance either of the commencement of the hearing or of a hearing that has already commenced. If a continuance is granted at the request of the director, the director shall extend the validity of the temporary permit, unless otherwise prohibited, for a period not to exceed the period of the continuance. If a continuance is granted at the request of the respondent, the director shall not extend the validity of the temporary permit. For purposes of this section, a continuance means a delay in the commencement of the hearing or an interruption of a hearing that has commenced, other than for recesses during the day or at the end of the day or week. The absence from the hearing of a law enforcement officer or other person, upon whom personal service of a subpoena has been made as set forth in subsection (g), constitutes good cause for a continuance.

Here, two continuances were granted "due to the absence from the hearing of a law enforcement officer or other person, upon whom personal service of a subpoena has been made" and thus for "good cause" as defined in the statute.[2] We decline to conclude that the total period of four-and-one-half months between the notice and the hearing was *per se* overly burdensome,

---

[2] We also note that Pearson does not cite to anything in the record showing that he objected to the length of the continuances granted by the hearing officer or that he requested earlier hearing dates.

violated Pearson's right to an expeditious hearing, and thus mandated dismissal. Therefore, we conclude that the ADLRO hearing officer did not abuse her discretion in granting the continuances, and thus the District Court did not err in affirming the administrative revocation.

For these reasons, the District Court's February 11, 2014 Judgment on Appeal is affirmed.

DATED: Honolulu, Hawai'i, December 19, 2014.

On the briefs:

Samuel P. King, Jr.
for Petitioner-Appellant

Marissa Luning
Deputy Solicitor General
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge